IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**JENNIFER NEELY**                                                                            **PLAINTIFF**

**v.**                                                    **CIVIL ACTION NO.: 3:23-cv-2-JMV**

**COMMISSIONER OF SOCIAL SECURITY**                                   **DEFENDANT**

## ORDER

This matter is before the court on Plaintiff's complaint [1] for judicial review of the Commissioner of the Social Security Administration's denial of a request for supplemental security income. The parties have consented to entry of final judgment by the United States Magistrate Judge, with any appeal to the Court of Appeals for the Fifth Circuit. Having considered the record, the administrative transcript, the briefs of the parties, and the applicable law, the undersigned finds the Commissioner's decision is supported by substantial evidence and should be and is hereby **AFFIRMED.**

### Statement of the Case

Plaintiff, Jennifer Neely, filed applications for SSI and DIB on January 8, 2021, alleging disability commencing on August 1, 2020, due to rheumatoid arthritis. After the agency denied Plaintiff's application initially and on reconsideration, Plaintiff requested an administrative hearing, which was held on June 16, 2022. Present at the hearing were Plaintiff, her attorney, and an impartial vocational expert. The ALJ issued an Unfavorable Decision in this cause on July 11, 2022, finding that Plaintiff has not been under a disability within the meaning of the Social Security Act.

At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset date of August 1, 2020. At step two, the ALJ found that the Plaintiff had the following "severe" impairments: rheumatoid arthritis (RA) and Raynaud's disease. At step three, the ALJ found that none of Plaintiff's impairments, either alone or in combination, met or equaled the criteria of an impairment at 20 C.F.R. Pt. 404, Subpt. P, App. 1 (the Listings).

The ALJ then found that claimant has the RFC to perform light work at all exertional limitations, but with the following nonexertional limitations:

> claimant can lift/carry and push/pull 20 pounds occasionally and 10 pounds frequently; stand/walk for 6 hours in an 8-hour workday; sit for 6 hours in an 8-hour workday; can alternate between sitting and standing by standing for 30 minutes and sitting for 30 minutes while remaining on task; occasionally climb ramps and stairs; never climb ladders, ropes or scaffolds; occasionally stoop, kneel, crouch, and crawl, occasionally balance when standing or walking on even surfaces; occasionally reach, handle, and finger bilaterally; occasional concentrated exposure to extreme temperatures to vibrations; and avoid all exposure to unprotected heights or dangerous moving machinery.

Tr. 20.

At step four, the ALJ found that the Plaintiff was unable to perform her past relevant work. At step five, the VE testified that given all of these factors the individual would be able to perform the requirements of the following such as a furniture rental clerk (DOT No. 295.357-018) with 56,000 jobs in the national economy; as a school bus monitor (DOT No. 372.667-042) with 28,000 jobs in the national economy; and as a counter clerk (DOT No. 249.366-010) with 20,000 jobs in the national economy.

Thus, the ALJ found the Plaintiff not disabled from August 1, 2020, through the date of the decision. Plaintiff appealed, and the Appeals Council issued an Order affirming the decision on November 4, 2022.

**Discussion**

Plaintiff raises one issue on appeal: whether the ALJ properly considered the medical opinions of record. Under our standard of review, conflicts in the evidence are for the Commissioner to resolve, and if the Court finds substantial evidence supports the ALJ's decision, the Court must affirm the decision even if there is evidence on the other side. *Selders v. Sullivan*, 914 F.2d 614, 617 (5th Cir. 1990).

**1) Alleged Failure to Properly Consider the Medical Opinions of Record**

Here, the ALJ found the Plaintiff had the RFC to "occasionally reach, handle, and finger bilaterally." Tr. 20. Plaintiff's main argument is that in Steven Arkin, M.D.'s review of the file on September 6, 2021, he limited Plaintiff to only occasional handling and not frequent as outlined in the ALJ's analysis of the medical opinions.[1] Tr. 135. Plaintiff argues that this makes the ALJ's analysis confusing and fails to create a discernable logical bridge between the evidence and the ALJ's persuasiveness finding. [14] at 7. However, the undersigned finds that Plaintiff's claim of error is without merit.

The ALJ stated that he "considered the medical opinion(s) and prior administrative medical finding(s) in accordance with the requirements of 20 CFR 404.1520c and 416.920c" and the ALJ's analysis complies with the controlling regulatory requirements. *See* 20 C.F.R. §§ 404.1520c, 416.920c. The ALJ addressed the relevant consistency and supportability factors and noted the following regarding the SAMC findings:

> The undersigned finds unpersuasive the state agency medical consultants' opinion that the claimant can perform light exertion with occasional climbing ladders, ropes and scaffolds; frequent climbing ramps and stairs; frequent stooping, kneeling, crouching, and crawling; and frequent bilateral handling and fingering (Exhibits 3A, 4A, 7A, and 8A), because the objective medical evidence supports greater

---

[1] Upon review of the record, it appears that Dr. Arkin actually opined that Plaintiff was limited to occasional handling and frequent fingering due to RA. Tr. 135.

3

limits on the handling, finger, and feeling as the claimant had tenderness to palpation of the wrist and bilateral Dupuytren's versus sclerodactyly.

Tr. 23-24.

In his opinion, the ALJ cited to evidence that supports only occasional reaching, handling, and fingering, as he noted "[e]xaminations failed to show any abnormalities of fine and gross manipulation, range of motion, strength, tone, or reflexes." Tr. 24. The ALJ also stated that there was "no synovitis or deformities," in the wrists, and x-rays were normal. Tr. 23. The ALJ additionally reported Plaintiff's complaints where she experienced limitations in use of the hands and arms in reaching, handling, and fingering. For example, Plaintiff testified that she did not drive since 2019 due to her hands and needs help fixing her hair (Tr. 21, 23, 90, 91, 96). The ALJ also cited to a July 14, 2020, evaluation by Leigh Anne Van Devender, NP, at BMG Rheumatology in which Plaintiff alleged arthritis pain affecting her hands and elbows for about two years (Tr. 21, 448, 471). Ms. Van Devender noted Raynaud's like symptoms in her hands, as well as tenderness to palpation of wrist and elbows with reducible Dupuytren's (Tr. 21, 448, 471). At a follow-up examination on August 31, 2020, Plaintiff showed pain with flexion of the wrist (Tr. 21). A May 25, 2021, examination by Kirk Cooper Eddleman, M.D., also showed that Plaintiff had tenderness to palpation of the wrists (Tr. 22, 613).

Thus, the ALJ adequately explained and referenced evidence as to why the SAMC opinions were not persuasive, and substantial evidence supports the ALJ's finding of the Plaintiff only having the ability for occasional rather than frequent reaching, handling, and fingering.

The Fifth Circuit recently emphasized in *Silva v. Kijakazi*: "As we've noted time and again, an 'ALJ is not always required to do an exhaustive point-by-point discussion' of the evidence she reviews." 2023 WL 3723628, at *1 (5th Cir. 2023), citing *Audler v. Astrue*, 501 F.3d 446, 448 (5th Cir. 2007). The relevant question is not whether the ALJ presented an arbitrary level of detail, it

4

is whether the decision contains a sufficient articulation to identify the evidentiary choices made by the finder of fact. Here, the Court finds there has been sufficient articulation.

Lastly, Plaintiff has not shown prejudice inasmuch as she has failed to show that if the ALJ had given further explanation for his persuasiveness finding, it would have changed the results of the case.

## Conclusion

For the reasons stated above, the Commissioner's decision is hereby **AFFIRMED.**

**SO ORDERED,** this the 22nd day of August, 2023.

/s/ Jane M. Virden
UNITED STATES MAGISTRATE JUDGE